UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD DAILEY,<br><br>  Petitioner,<br><br> v.<br><br>STATE OF CALIFORNIA,<br><br>  Respondent. | No. 1:23-cv-00389-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION**<br><br>**[THIRTY DAY OBJECTION DEADLINE]** |

Petitioner is a state parolee proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed the instant petition on March 16, 2023. The petition is deficient for the following reasons: 1) The petition fails to name a proper respondent; 2) The claims are not cognizable; and 3) The claims are moot. For these reasons, the Court will recommend the petition be DISMISSED.

**DISCUSSION**

A.    Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.     Improper Respondent

Petitioner names State of California as Respondent.  A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Generally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  Id.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).  Petitioner would normally be given the opportunity to cure this defect by amending the petition to name a proper respondent, but in this case, the petition also suffers from other uncurable deficiencies.  Therefore, dismissal is warranted.

C.     Civil Rights Claims

Petitioner does not challenge his conviction.  He instead contends that prison staff, while he was incarcerated, wrongfully confiscated a magazine.  He states that a copy of News China magazine was determined to be contraband because it met sexually explicit criteria, and states the magazine was geared toward investigative reporting and was erroneously categorized.

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)).  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v.

1   Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499.  Petitioner's claims concern the
2   conditions of his previous confinement.  The claims are not cognizable in a federal habeas action
3   and must be dismissed.  Petitioner must seek relief for his complaints by way of a civil rights
4   action.
5         In Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016), the Ninth Circuit held that a
6   district court has the discretion to construe a habeas petition as a civil rights action under § 1983.
7   Recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it
8   names the correct defendants and seeks the correct relief," and only after the petitioner is warned
9   of the consequences of conversion and is provided an opportunity to withdraw or amend the
10  petition.  Id.  Here, the Court finds recharacterization to be appropriate. Petitioner does not name
11  the proper defendants and the claims are not amenable to conversion on their face.  Accordingly,
12  the Court should not exercise its discretion to recharacterize the action, and the petition should be
13  dismissed.
14  D.     Mootness
15        The case or controversy requirement of Article III of the Federal Constitution deprives the
16  Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70
17  (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A
18  case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally
19  cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1984).  The Federal
20  Court is "without power to decide questions that cannot affect the rights of the litigants before
21  them."  North Carolina v. Rice, 404 U.S. 244, 246 (1971) (*per curiam*) (quoting Aetna Life Ins.
22  Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).  When a prisoner is released from custody, any
23  habeas petition challenging continued detention becomes moot.  Fender v. U.S. Bureau of Prisons,
24  846 F.2d 550, 555 (9th Cir. 1988).
25        Petitioner is no longer incarcerated but has been released on parole.  Petitioner no longer
26  has an interest in the outcome of this case because prison authorities are no longer monitoring his
27  mail.  He can freely obtain the magazine at issue.  Thus, the claims are moot and the petition
28  should be dismissed.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 20, 2023**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE

4