1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES EDWARD DAILEY,                   No.  1:23-cv-00389-ADA-SKO (HC)

12              Petitioner,                 ORDER ADOPTING FINDINGS AND
                                            RECOMMENDATIONS
13                                          (ECF. No. 4)

14         v.                               ORDER DISMISSING PETITION FOR WRIT
                                            OF HABEAS CORPUS AND DIRECTING
15                                          CLERK OF COURT TO ENTER JUDGMENT
                                            AND CLOSE CASE
16
     STATE OF CALIFORNIA,                   ORDER DECLINING TO ISSUE
17                                          CERTIFICATE OF APPEALABILITY
              Respondent.
18

19

20         Petitioner James Edward Dailey is a state parolee proceeding *pro se* and *in forma pauperis*

21   with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred

22   to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

23         On March 20, 2023, the assigned Magistrate Judge issued Findings and Recommendations

24   to dismiss the petition.  (ECF No. 4.)  Those Findings and Recommendations were served upon

25   all parties and contained notice that any objections thereto were to be filed within thirty (30) days

26   after service.  On April 18, 2023, Petitioner filed objections to the Findings and

27   Recommendations.  (ECF No. 7.)  Petitioner seeks to cure the characterization deficiencies that

28   the magistrate judge identified in the Findings and Recommendations. Petitioner disputes the

                                             1

1   magistrate judge's finding and recommendation that his claims are not cognizable because he

2   seeks to name a proper defendant. (ECF No. 7 at 2.) First, Petiitoner seeks to name a proper

3   respondent to the petition. (*Id.*) He also disputes the findings and recommendation that his claims

4   are not moot because names a respondent in his objections. (*Id.*) In addition, he argues that his

5   claim should be allowed to go forward because his in "constructive custody." (*Id.*)

6          Petitioner's arguments are unpersuasive. First, as noted in the Findings and

7   Recommendations, "a habeas corpus petition is the correct method for a prisoner to challenge 'the

8   legality or duration of his confinement.' (ECF No. 54 at 2 (quoting *Badea v. Cox*, 931 F.2d

9   583,574 (9th Cir. 1991).) Here, because Petitioner's claims challenge the conditions of his

10  previous confinement, he must seek relief by way of a civil rights action under 42 U.S.C. § 1983.

11  Second, though Petitioner seeks to add a such an action cannot be taken through an objection to

12  the Findings and Recommendations. Rather, as stated in the Findings and Recommendations,

13  Petitioner must amend the petition to name a proper respondent. However, while "[p]etitioner

14  would normally be given the opportunity to cure this defect by amending the petition to name a

15  proper respondent, …in this case, the petition also suffers from other uncurable deficiencies."

16  (ECF No. 4 at 2.)

17         In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a

18  *de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's

19  objections, the Court concludes that the Magistrate Judge's Findings and Recommendations are

20  supported by the record and proper analysis.

21         In addition, the Court declines to issue a certificate of appealability.  A state prisoner

22  seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of

23  his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537

24  U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of

25  appealability is 28 U.S.C. § 2253, which provides as follows:

26         (a)     In a habeas corpus proceeding or a proceeding under section 2255 before a
               district judge, the final order shall be subject to review, on appeal, by the court of
27             appeals for the circuit in which the proceeding is held.

28         (b)     There shall be no right of appeal from a final order in a proceeding to test

                                                2

the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)      (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

> (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court declines to issue a certificate of appealability.

Accordingly,

1.      The Findings and Recommendations issued on March 20, 2023, (Doc. No. 4), are adopted in full;

2.      The petition for writ of habeas corpus is dismissed;

3.      The Clerk of Court is directed to enter judgment and close the case; and

3

4.      The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.


IT IS SO ORDERED.

Dated:   May 30, 2023

_____
UNITED STATES DISTRICT JUDGE